UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMANCIO MILLA,

                Plaintiff,

-against-

102 PCT, *et al.*,

                Defendants.

23-CV-9875 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is currently detained in the North Infirmary Command on Rikers Island, brings this *pro se* action under 42 U.S.C. § 1983. Plaintiff alleges that in October 2022, one or more police officers from the 102nd Precinct in Queens County, New York, arrested him without probable cause on charges that were later dismissed. For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

    Under the general venue provision, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

    For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that in October 2022, police officers from the 102nd Precinct in Queens County arrested him, based on video evidence, for an incident on August 3, 2022. Plaintiff contends that (1) he did not resemble the person in the video; (2) police officers did not question him or allow him to explain; and (3) he was in the intensive care unit of Flushing Hospital on the date of the incident, which adequate investigation would have revealed. The officers who arrested Plaintiff, in Richmond Hill, New York, allegedly treated him roughly and hurt his wrists when handcuffing him. Plaintiff spent 51 days at Rikers Island, which caused him to lose a job that had been difficult for him to obtain and prevented him from caring for his 86 year old mother. The charges on which Plaintiff was arrested were dismissed.

Plaintiff alleges that the events giving rise to his claims took place outside this district, in Queens County, New York. Venue therefore is not proper in this district under Section 1391(b)(2). It is not clear where each defendant resides or whether venue is proper in this district under Section 1391(b)(1). It is therefore unclear if there is any basis for venue in this district. Because Plaintiff's claims arose in Queens County, New York, which is in the Eastern District of New York, 28 U.S.C. § 112(c), venue is proper under Section 1391(b)(2) in the Eastern District of New York.

Even if venue is proper in the district where an action was filed, the court may transfer the action to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice," 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's

familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. Plaintiff does not appear to reside in this district and the underlying events occurred in Queens County, in the Eastern District. It is also reasonable to expect that all relevant documents and witnesses would be in that district. Accordingly, the Court transfers this action under 28 U.S.C. § 1404(a) to the United States District Court for the Eastern District of New York. *See D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   November 8, 2023
        New York, New York

                                            /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                        Chief United States District Judge