UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
AMANCIO MILLA,

                  Plaintiff,                                **REPORT & RECOMMENDATION**
                                                                                       23 CV 8511 (EK)(LB)

    -against-

102nd PCT, CITY OF NEW YORK, POLICE OFFICER
FAUTSO A. ROJAS, and POLICE OFFICER DAMIE
M. DANSEGLIO,

                  Defendants,
------------------------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

    *Pro se* plaintiff Amancio Milla brings this action under 42 U.S.C. § 1983, alleging that defendant officers wrongfully arrested him on October 15, 2022. ECF No. 1. Despite Court orders, plaintiff has failed to appear at three Court conferences and has not shown good cause for his failure to appear. Plaintiff has apparently abandoned this case. Defendants now move to dismiss plaintiff's complaint for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). ECF No. 49. The Honorable Eric R. Komitee referred defendants' motion to me for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). ECF Order dated January 27, 2025. For the reasons discussed below, it is respectfully recommended that plaintiff's complaint should be dismissed without prejudice.

## BACKGROUND

    Plaintiff filed this civil rights action on November 7, 2023. ECF No. 1. After the case was transferred from the Southern District of New York, the Court granted plaintiff's application to proceed *in forma pauperis*. ECF Nos. 5, 8. The Court also ordered the Office of Corporation Counsel for the City of New York ("Corporation Counsel") to ascertain the full names and service addresses of John Doe officers named in plaintiff's complaint. ECF No. 8.[1] On April 1, 2024, the Court's orders

---

[1] The Corporation Counsel responded to the order after the Court granted an extension of time. ECF Nos. 14-18.

at ECF Nos. 16 and 18, which were sent to plaintiff's address of record, were returned as undeliverable. ECF Nos. 24-25. The Court warned plaintiff that it is his obligation to notify the Court of his current contact information. ECF No. 26. Corporation Counsel provided a new address for plaintiff[2] and the Court sent plaintiff another order which warned plaintiff that "[a] case may be dismissed if a plaintiff fails to notify the [C]ourt of their current address." ECF No. 31. The Court held the initial conference by telephone on July 1, 2024. ECF No. 40. At that time, plaintiff was incarcerated at the Lakeview Correctional Facility. ECF No. 39.[3] Plaintiff stated that he would be released on August 27, 2024, and the Court directed plaintiff to provide his post-release address to the Court in writing. During the initial conference, the Court scheduled a status conference for after plaintiff's release on September 17, 2024. ECF No. 40. On July 18, 2024, plaintiff timely provided his post-release address. ECF No. 41. That was the last time plaintiff responded to the Court's orders in this case.

Plaintiff failed to appear at the September 17, 2024 conference. ECF No. 43.[4] The Court scheduled another conference for October 1, 2024 and warned plaintiff that if he failed to appear without notice, I would recommend that this action should be dismissed. Id. Plaintiff again failed to appear at the October 1, 2024 conference. The Court reiterated its warning to plaintiff and scheduled a third status conference for October 24, 2024. ECF No. 46.[5] Plaintiff appeared at the telephone conference on October 24, 2024, but only after the Court tracked him down and called his mother's

---

[2] Corporation Counsel learned that plaintiff had been transferred from the North Infirmary Command on Rikers Island to the Elmira Correctional Facility. See ECF Nos. 26, 29.
[3] Corporation Counsel again notified the Court of plaintiff's address. ECF No. 36.
[4] The Court, in an abundance of caution, noted that it was not clear whether plaintiff received notice of that conference because the docket did not reflect plaintiff's post-release address, which was effective August 27, 2024, until September 13, 2024. ECF No. 43. However, the Court's order scheduling the September 17, 2024 conference was mailed to plaintiff at the Lakeview Correctional Facility on July 2, 2024, over six weeks before his release. Id. Furthermore, the Court scheduled the September 17, 2024 conference with plaintiff at the July 1, 2024 telephone conference. ECF No. 40.
[5] Again, in an abundance of caution, the Court noted that it was not clear whether plaintiff received notice of the October 1, 2024 conference. ECF No. 46. The Clerk of Court mailed the order scheduling the conference to the address plaintiff provided: 129-07 101st Avenue, Richmond Hill, NY 11419. At the October 1 conference, Corporation Counsel stated that one document in their records reflects a slightly different address for plaintiff: 129-09 101st Avenue, Queens, NY 11419. However, plaintiff stated at the October 24, 2024 conference that the 129-07 101st Avenue address was correct.

telephone number that Corporation Counsel provided. ECF Nos. 47-48. The Court again reminded plaintiff that this was his case and he must comply with the Court's orders or his case would be dismissed. ECF No. 47. On the record with plaintiff and defendants' counsel, the Court scheduled a status conference on November 12, 2024. Id. Plaintiff failed to appear at the November 12, 2024 conference. ECF No. 48. The Court attempted to contact plaintiff at the phone number he had provided at the prior conference, but to no avail. The Court ordered plaintiff to show good cause in writing by December 3, 2024 why this case should not be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) and 16(f). Id. Plaintiff failed to respond to that order.

## DISCUSSION

"[A]ll litigants, including *pro ses*, have an obligation to comply with court orders," and to diligently advance their case. Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009) (quoting Minotti v. Lensink, 895 F.2d 100, 103 (2d Cir. 1990)). When a plaintiff "fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order," the Court may dismiss an action. Fed. R. Civ. P. 41(b). The power of a district court to dismiss an action for failure to prosecute is "an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs" and dispose of cases in an orderly manner. Lewis v. Rawson, 564 F.3d 569, 575 (2d Cir. 2009) (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)).

A court considering dismissal for failure to prosecute must consider five factors:

> [W]hether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

Id. at 576. A delay in prosecution may prejudice defendants because witnesses' memories fade with the passage of time. O'Rourke v. Nirvana, 19-CV-4711, 2020 WL 1198326, at *2 (S.D.N.Y. Mar. 12,

2020), report and recommendation adopted by 2020 WL 2133174 (S.D.N.Y. May 5, 2020).[6] District Courts must also diligently manage their dockets and "cannot indefinitely wait" for a plaintiff to again focus on prosecuting a case. Id.

Plaintiff's failure to prosecute this action warrants dismissal. Other than filing one letter to provide his post-release address over six months ago and appearing at the initial telephone conference on July 1, 2024, plaintiff has failed to take any action to prosecute this action since filing his complaint. Plaintiff failed to appear at three Court-ordered conferences on September 17, October 1, and November 12, 2024. He only appeared at the October 24, 2024 telephone conference because the Court tracked him down at a telephone number (his mother's telephone number) that Corporation Counsel provided. Although the Court suggested in an abundance of caution that plaintiff may not have received notice of two of the conferences, the Court made every effort to notify plaintiff of those conferences, and the record reflects that the Clerk of Court mailed notices of each conference to accurate addresses. Furthermore, the Court discussed the dates and times of two of these conferences with plaintiff on the record. The Court warned plaintiff three times that if he failed to appear without notice for a conference, I would recommend that his case should be dismissed. ECF Nos. 43, 46, 47 (citing Fed. R. Civ. P. 16 and 37(b)). Finally, the Court gave plaintiff an opportunity to show cause why he failed to appear at these conferences. ECF No. 48 (citing Fed. R. Civ. P. 41(b) and 16(f)).

Considering each factor stated in Lewis v. Rawson, plaintiff's case should be dismissed. Plaintiff's failure to prosecute has delayed this case from September 17, 2024 to present. The Court has made every effort to notify plaintiff of the consequences of his failure to comply with the Court's orders. As to the third factor, courts may presume that a plaintiff's unreasonable delay prejudices defendants. Sessoms on behalf of V.C. v. Comm'r of Soc. Sec., No. 21-CV-1788 (RPK), 2022 WL 511646, at *2 (E.D.N.Y. Feb. 21, 2022). Furthermore, defendants have spent "considerable time and

---

[6] The Clerk of Court is respectfully directed to send plaintiff the attached copies of all the unreported cases cited herein.

expend[ed] resources" to prepare for each conference, and they have been unable to investigate plaintiff's claims because he has failed to furnish "properly executed medical releases (or any discovery responses)." ECF No. 49. As to the fourth factor, dismissal without prejudice properly balances the need to decongest the Court's calendar with *pro se* plaintiff's right to due process, including the "special leniency regarding procedural matters" afforded to *pro se* litigants. Sessoms, 2022 WL 511646 at *2 (quoting LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001)). As to the fifth factor, when a plaintiff fails to respond once threatened with dismissal, it is unlikely that a lesser sanction will be effective. See Ruzsa v. Rubenstein & Sendy Att'ys at L., 520 F.3d 176, 177-78 (2d Cir. 2008). While "dismissal with prejudice may be appropriate even for *pro se* litigants who repeatedly ignore court orders," this harsh remedy is only warranted in extreme situations. Thrall v. Cent. N.Y. Reg'l Transp. Auth., 399 F. App'x 663, 666 (2d Cir. 2010) (summary order). The "lesser sanction" of dismissal without prejudice, id., addresses plaintiff's failure to prosecute this case without foreclosing his ability to pursue his claims in the future.[7]

## CONCLUSION

Accordingly, it is respectfully recommended that defendants' motion to dismiss should be granted and this action should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for plaintiff's failure to prosecute.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-

---

[7] Plaintiff alleges that he was wrongfully arrested and "rough housed" by police officers on October 15, 2022. ECF No. 1 at 2, 4. Plaintiff "sat on Rikers for 51 days" before charges against him were dismissed. Id. at 4-5. Accordingly, the three-year statute of limitations for his § 1983 claims against the defendant police officers has not yet run. See Lucente v. Cnty. of Suffolk, 980 F.3d 284, 308 (2d Cir. 2020).

5

day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002); Small v. Sec'y of Health & Hum. Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

                                                    /S/
                                          LOIS BLOOM
                                          United States Magistrate Judge

Dated: February 7, 2025
       Brooklyn, New York